

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00267-CR

## EX PARTE MICHAEL SEAN MCCORD

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2021-2982-1**

## ORDER

In this appeal from the denial of a pretrial application for writ of habeas corpus, applicant, Michael Sean McCord, requests that "this Court timely order the supplementation of the reporter's record to include all exhibits and transcripts of which the trial court took judicial notice." As mentioned in our February 2, 2022 order, by virtue of his pretrial habeas application, McCord seeks to bar prosecution in this case based on alleged violations of his rights against Double Jeopardy. In denying McCord's pretrial habeas application, the trial judge specifically mentioned that he had "heard the arguments of the parties and taken **JUDICIAL NOTICE** of the applicable Reporter's Records . . . ." (Emphasis in original). Because it was unclear as to which "applicable

Reporter's Records" were considered by the trial judge in reaching the decision on McCord's pretrial habeas application, we requested that the trial judge clarify his order.

As included in a Supplemental Clerk's Record, the trial judge clarified his order denying McCord's pretrial habeas application. In this clarified order, the trial judge noted that he took judicial notice of hearings on June 2, 2021, June 7, 2021, and June 9, 2021. The transcripts from each of these hearings, as well as hearings conducted on June 4, 2021 and June 8, 2021, were attached as exhibits to the trial court's clarified order. While these transcripts appear to include all of the argument and testimony received at each of the hearings, none of the exhibits admitted at the June 9, 2021 hearing were included in the trial judge's response.[1] Accordingly, we cannot say that the record in this appeal is complete.

Moreover, in our February 2, 2022 order, we directed the official court reporter to prepare, certify, and file in this Court a Supplemental Reporter's Record containing the omitted Reporter's Records from the prior proceedings in this case within twenty-one days of the date of this order. We have not yet received a certified copy of the Reporter's Record from the June 2, 2021, June 7, 2021, and June 9, 2021 hearings that the trial judge judicially noticed. As such, we once again direct the official court reporter to prepare,

---

[1] Exhibits from the June 8, 2021 hearing were not included in the trial judge's response to our February 2, 2022 order. However, because the trial judge did not indicate that he judicially noticed the June 8, 2021 hearing when he denied McCord's habeas application, the failure to include the exhibits from the June 8, 2021 hearing is immaterial.

certify, and file in this Court a Supplemental Reporter's Record containing the Reporter's Records from the June 2, 2021, June 7, 2021, and June 9, 2021 hearings within fourteen days of the date of this order. Furthermore, the timetable for the filing of McCord's appellate brief will commence upon the filing of the certified Supplemental Reporter's Record containing the Reporter's Records from the June 2, 2021, June 7, 2021, and June 9, 2021 hearing.

PER CURIAM

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Order delivered and filed March 16, 2022
[OT06]
[RWR]

